IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CR-42-FL-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER COLUMBUS GAUSE, JR., | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for return of seized property (DE 597), to which the government filed a response in opposition. In this posture, the issues raised are ripe for ruling. For the following reasons, defendant's motion is denied.

## BACKGROUND

Defendant pleaded guilty pursuant to a written plea agreement, on September 12, 2007, to conspiring to distribute more than five kilograms of cocaine and carrying a firearm during and relation to a drug trafficking crime. On February 11, 2008, the court sentenced defendant to a total term of imprisonment of 240 months. The court reduced defendant's sentence, on February 18, 2016, to a total term of imprisonment of 206 months, pursuant to 18 U.S.C. § 3582(c)(2).

Defendant filed the instant motion, pursuant to Federal Rule of Criminal Procedure 41(g), seeking return of the following assets seized by the government pursuant to a search warrant executed August 25, 2006, and on the date of defendant's arrest, on May 29, 2007, comprising:

1) seized cash from search, in the amount of $2,651;

2) 2004 Infinity Q-X 56;

3) 1997 Dodge Caravan;

4) seized cash from safe deposit, in the amount of $144,000;

5) 24K gold chain, 24K gold bracelet, 14K gold chain with medallion;

6) seized cash upon arrest, in the amount of $4000.

Defendant notes that $3,291.00 and certain real property were subject to judicial forfeiture in this criminal case.

In response, the government attaches a declaration of Vicki L. Rashid ("Rashid"), forfeiture counsel of the Drug Enforcement Administration (DEA), stating and documenting that all of the assets referenced in the instant motion, except for $4000 cash upon arrest, were subject of an administrative forfeiture completed in 2006 and 2007. Rashid states that money removed from defendant's person upon arrest totaled $3,291.00 in currency, and such currency was forfeited judicially in this criminal case.

## COURT'S DISCUSSION

Federal Rule of Criminal Procedure 41(g) provides: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." "[A] postconviction motion for return of property is a civil action" governed by Rule 41 as a "Supplementary and Special Proceeding[]" that can be brought even "where no criminal proceeding is pending." United States v. Garcia, 65 F.3d 17, 20 (4th Cir. 1995); see United States v. Roca, 676 F. App'x 194 (4th Cir. 2017). When such a motion is brought after conclusion of criminal proceedings for return of seized property, the government has a burden "to demonstrate a legitimate reason for retaining the property." Roca, 676 F. App'x at 194-95.

"A Rule 41(g) motion 'is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or <u>subject to forfeiture</u> or the government's need for the property as evidence continues.'" <u>United States v. Soza</u>, 599 F. App'x 69, 70 (4th Cir. 2015) (quoting <u>Jackson v. United States</u>, 526 F.3d 394, 396 (8th Cir.2008)) (emphasis added); <u>see also</u> <u>Ibarra v. United States</u>, 120 F.3d 472, 475 (4th Cir. 1997) ("[A]fter the Government initiates an administrative forfeiture proceeding and the property is not the subject of an ongoing criminal proceeding, the district court has no jurisdiction to resolve claims for the return of seized property.") (citing <u>United States v. Price</u>, 914 F.2d 1507, 1511 (D.C.Cir.1990)).

Here, defendant's motion is without merit because the government has demonstrated, through affidavit and extensive supporting documentation, that all the items subject of the motion were administratively forfeited, or subject to forfeiture in defendant's criminal case. The Rashid declaration describes administrative forfeiture proceedings, including notices and opportunities for claims, for: the 2004 Infiniti QX56; $144,000.00 in currency from safe deposit box; $2,651.00 in currency seized upon execution of warrant; 1997 Dodge Caravan; and assorted jewelry. (<u>See</u> Rashid Decl. (DE 600-1) at ¶¶ 5-9; Ex's 1-38).

With respect to petitioner's assertion that $4,000 was removed from his person on the day of his arrest, the government has demonstrated that the referenced currency seized at time of arrest totaled $3,291.00, and that such currency was subject to forfeiture in this criminal case. (<u>See</u> <u>Id.</u> at ¶ 10; <u>see also</u> Final Order of Forfeiture (DE 383) at 1; Plea Agreement (DE 179) at ¶ 2.e ("Defendant forfeits and otherwise waives any ownership right in all items seized during the investigation of the acts alleged in the Indictment.")). Defendant presents no evidence nor plausible factual allegation to the contrary.

3

In sum, the government has demonstrated that the items sought to be returned through the instant motion properly were subject to forfeiture. Therefore, defendant's motion for return of said property must be denied.

## CONCLUSION

Based on the foregoing, defendant's motion for return of seized property (DE 597) is DENIED.

SO ORDERED, this the 12th day of July, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge